UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiff, <br> v. <br> ERSUL SANDERS, JR., <br><br> Defendant. | 1:05-CV-01110-OWW-SMS <br><br> ORDER DIRECTING PLAINTIFF TO FILE BY JANUARY 27, 2006, A SUPPLEMENTAL BRIEF RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 9) |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

On November 28, 2005, Plaintiff filed an application for default judgment. A hearing has been set on the motion and is presently set for February 10, 2006.

An application for entry of default judgment is an application to the Court for an order and thus qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101(19). Therefore, it should include briefs on the pertinent issues pursuant to Local Rule 78-230(b).

With respect to the instant motion, there are matters concerning liability and damages which require briefing.

1

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. <u>Cripps v. Life Ins. Co. of North America</u>, 980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

Plaintiff has not provided the Court with points and authorities[1] showing that each of the Plaintiff's claims (False Claims Act, Unjust Enrichment, Money Had and Received) include allegations of all the necessary elements required for entitlement to relief with respect to the claim in question. It is the party's burden to demonstrate to the Court what law applies and that under the pertinent law, the Plaintiff's claim, as alleged, is legally sufficient.

As to damages, generally the scope of proceedings on an application for default judgment involves a determination of damages, which Plaintiff must prove by evidence, whether by affidavits where an evidentiary hearing is waived, <u>Davis v.Fendler</u>, 650 F.2d 1154, 1161-62 (9th Cr. 1981), or by evidence, Fed. R. Civ. P. 55(b)(2). However, the party should also provide the Court with legal authority in support of the measure of damages sought to be applied by the party, including statutory

---

[1] Plaintiff has provided citations to statutes but has not provided case authority establishing the elements of the claim and the sufficiency of Plaintiff's allegations.

2

1  and case law defining the appropriate measure of damages and
2  interest and the method of computation of any interest sought,
3  and informing the Court of the law and the pertinent facts
4  regarding any election of remedies which the Plaintiff has made
5  or must make.
6       Accordingly, it IS ORDERED that Plaintiff SHALL FILE
7  supplemental points and authorities addressing the matters set
8  forth hereinabove no later than January 27, 2006.

IT IS SO ORDERED.

**Dated:   January 11, 2006**             **/s/ Sandra M. Snyder**
icido3                                UNITED STATES MAGISTRATE JUDGE

3